Argument is 17-1925 BASR Partnership v. United States The Unification Church case, the fee-ineligible party was the church, right? Yes. And then there were a bunch of individuals that were fee-eligible. But the facts of that case, it was pretty clear that the church, the fee-ineligible church, was the one that was responsible for and obligated to cover all the attorney's fees. In this case, as I understand it, it's the fee-eligible partnership that, per the partnership agreement, is obligated to cover the attorney's fees or is responsible for the attorney's fees. And so the fee-ineligible partners, to the extent that they are parties, they have a flipped relationship compared to the parties involved in the Unification Church. So that's why I'm trying to figure out whether that case really has some kind of persuasive effect here. We don't agree that the partnership really was responsible for the fees, notwithstanding what the partnership agreement says, because the fees were really— So let's assume for the moment we find that the partnership agreement puts the obligation on the partnership itself. Then would there be a break between the facts of this case and the facts of Unification Church for the reasons I gave earlier? No. It was the partners individually who paid the fees in this case. The agreement between the law firm—the law firm didn't sign a retainer or a relationship with the partnership. The retainer agreement was with the individual partners. The individual partners, and the billing records are all in the record here, paid it. Isn't it clear from the record that there's an indemnification requirement, so any fees incurred, they would have to be reimbursed by the partnership? Only to the extent that the partnership had any assets. Where would that money come from? Well, the partnership doesn't have any assets. They stipulated that the partnership—well, it filed its final return for the 1999 tax year. Back in 2000, this audit didn't begin until 2006. They agreed at some point in the briefing in the Court of Federal Claims that the partnership was not a going concern anymore and that it had zero assets. So this partnership essentially wrapped up its operations. My question is, in order to reimburse the other partners, the money would have to come from them, would it not? Oh, yes. To reimburse them, the money would have had to come from the other partners to begin with. But the partnership doesn't have any money with which to reimburse them, unless, of course, it gets— So it would have to, in effect, demand from the partners that they pay the money to the partnership so it could repay it to the partners. It would be an assessment. Yes, it would be sort of circular. The partnership would have to get the money from the partners. I agree. It's confusing. But what we're trying to figure out is whether the partnership itself should be regarded as a legal entity, not something that's so morphed into the individual partners itself that it doesn't really exist in any meaningful way when the law obviously contemplates that there is the existence of this separate thing called a partnership. A partnership has a separate existence, and for tax purposes, that would be relevant in certain kinds of cases, but not in an income tax case because it's a pass-through entity for income tax. If I could give the example that I think a lot of people are familiar with, which is a law firm. The firm's earnings pass through to the partners individually, so the firm doesn't pay income tax at the partnership level, but it certainly has a number of employees—associates, paralegals, etc. The firm is responsible for withholding income tax from their salaries, paying Social Security tax on their behalf and paying that over to the IRS, just like any business would. The partnership, as a business entity, just as if it were a corporation, in those kind of cases, a partnership certainly could be a party to a tax case. It could get into a dispute with the IRS, and in those sorts of cases, yes, we would say that the partnership would be a real party and interest as a thing that was really paying the tax. But when we're talking about this TEFRA regime for determining income tax liability, the partnership doesn't pay income tax. It's only the partners that are going to pay that tax, and as the Supreme Court laid out in Woods, and this Court, of course, has a number of decisions explaining this, we conduct that inquiry in two steps under TEFRA. There's a partnership-level proceeding to determine partnership items, but it doesn't determine liability. What are we supposed to do about Section 2412, which clearly contemplates that a prevailing party can be a lot of different things, including a partnership? Well, I think this is the EJIA provision that's partly wrapped into the 7430, and it could be, but not in a TEFRA case. My example of a minute ago of an employment tax dispute, for example, the partnership could be the prevailing party in that case. I guess what worries me is where do we find in the statute, whether it's 2412 or 7430 or anywhere that says, okay, but we were ratcheting back the ability of partnerships and these specific kind of proceedings to be a prevailing party. Well, it goes back to whether it is a party at all to the proceeding, and under TEFRA, the partnership is not a party. What about under the factor of the government was not substantially justified in its position? Would a partnership be able to be a prevailing party in that circumstance in a TEFRA proceeding? No. The partnership still would not be the right entity to be looking at in that situation, I don't think, because the partnership is still not a party to the case. Okay. What about the 1997 legislative history, which seemed to indicate that a partnership can be the party that's recovering the fees? Do you know what I'm referring to, the House report? I'm sorry, I'm not remembering that. Okay. But with respect to the underlying litigation, BASR was a party, right? It was not, actually. The litigation was brought by the tax matters partner. In other words, under 6226 of the code. Can you explain then how this jives with your first argument, which is that the liability with respect to the partners, because there was no tax liability at issue here? Yes, this was a TEFRA partnership-level proceeding under 6226. Brought, as you say, only by the partners. They were the only parties. Correct. The tax matters partner brings it. Every other partner is deemed to be a party to the case, that 6226C. So they are the partners. It concerns the partnership in a sense, but the partnership is not actually a party to that case. And what is at issue? The amounts owed by the partners or the partnership? The partnership owes nothing. No amounts are actually at issue per se. Partnership items are at issue in that proceeding. But obviously the partners, you say, are the parties because they have the ultimate interest because the determinations will result in either a tax liability or no tax liability. In a second level of proceedings, yes. There would be the second level of proceedings, which is after the partnership is resolved. It almost automatically flows from the first level. So that's the distinction between your making with respect to whether it's at issue because even though it automatically flows, that liability, that amount of issue, automatically flows from whatever is done in the first proceeding, that is not at issue in the first proceeding. Yes, it automatically flows, but also it can be quite complicated. In other words, partnerships are different. Everything in tax law is always complicated. It could be even more complicated than here. In the sense you could have a partnership with 100 partners. Imagine they don't all have equal shares. Some partners are sort of bigger shareholders and others are smaller shareholders. But if you have a bucket, who cares which partners are getting what amount? There's a bucket, and the amount in that bucket, or owed or not, is automatically the result of what is determined at the partnership level, right, in this FPA proceeding. But the amount, the monetary amount… Is that a yes? You were shaking your head. I'm not quite sure what the question is. It's not a monetary amount at the partnership level because… It's a liability determination, right? Not necessarily. It could be something more complex. Well, it's a determination of what a partnership item is, but how that affects the actual tax liability depends on the position of the different partners in terms of the amount of share or ownership they have in the partnership. Okay, that's pretty automatic. I mean, that's a given.  As complicated as it may be, it's still just a calculation. But it may affect their tax liability differently, depending on what that item is that's being determined at the partnership level. In other words, how it affects an individual partner's losses or gains for the year because they have individual tax situations separate from their ownership in the partnership. But that's separate and distinct from the issues that are adjudicated in terms of determining partnership liability, right? Yes. Okay. Yes. Did you have something to add? Oh, no. I just wanted to clarify that, okay, at the partnership level, the first stage of these TEFRA proceedings, you're saying that sometimes these partnership item determinations can be very complicated and maybe it's very murky as to how they impact individual partners. But I would imagine there's other times at the partnership level these determinations are fairly clear cut in how they're going to impact the individual partners. So I guess what I'm saying is maybe it's not a one-size-fits-all thing. And maybe in a fact pattern like the one we have in front of us here, it's pretty straightforward in terms of understanding and evaluating what the impact is going to be on the individual partners one way or another on how the partnership item is assessed. And if I can respond to that, our position is simply that the rule does have to be a rule of general applicability, and we have to remember, too, that this is not the only way for people to recover fees. This is a specialized rule that applies only in a subcategory of tax cases in which monetary liability is directly at issue. Partnerships or partners in a case like this are certainly free to bring a claim under the general rule claiming that the government's position was not substantially justified, and they didn't do that here. Just to further clarify, you're saying that under no circumstance is a partnership entitled to seek attorney's fees? In a TEFRA proceeding like this, yes. That's right. The partnership would not be a party, so it couldn't. However, the individual partners certainly could have sought fees and claimed that the government's position was not substantial. What about this regulation that we're assuming does not apply here, but that regulation talks about the net worth calculations for the partnership in terms of recovering fees, right? Yes. The regulation seems to say that in making a determination, one has to look at the net worth of the partnership and of the partners who are actually filing the fee request. Well, why isn't that some indicia that at least the government or the Treasury Department contemplates that partnerships can, in fact, be parties to these types of TEFRA proceedings that allow the partnership to also come in and seek fees? Well, I would point to that is within that regulation that is paragraph 5 and then subparagraph little Roman 2. It says, in addition, each partner requesting fees. Nothing in this refers to the partnership requesting fees. But let's look at little i. I know you want to look at little double i, but let's look at little i. The single i is all about the partnership, right? That is correct, but at no point does it say that the partnership can request fees. It says in cases involving partnerships subject to TEFRA, the TEFRA partnership meets the needs. It seems to me that it's designed to prevent transfer of assets in order to avoid that situation. Yes, exactly. That's exactly right, that one has to look at both, the partnership as an entity and the partners, but it doesn't change the fact that the partners are the ones who are It does not give the partnership the right to request fees. Can I just ask you a different kind of question, which is this qualified offer provision and the fact that in this instance, the taxpayer offered a dollar? Yes. And then they're entitled to that? I mean, the government isn't disputing that literally applying the statutory language, that's what we're left with, notwithstanding that may be inconsistent with what the intent was? We're not disputing, obviously, that that's the plain language of the statute. We have couched that in terms of the statute does give the court discretion, and we realize this is obviously a tough hill to climb, but we submit that on the facts of a case like this, it is an abuse of discretion to award fees for a $1 offer in a case where the government's position obviously was serious and substantial and indeed was supported by precedent before we brought the appeal. We didn't prevail, but we certainly had a reasonable argument here. And these rules are no longer operative looking forward? The TEFRA rules, that's correct, yes. As of, I guess it was January 1, TEFRA has expired and is being replaced with a new regime. So anything we do here, would it be a one-timer or would it control how other requests for fees would be controlled? Given the speed at which litigation moves, I expect we're going to be seeing TEFRA cases for many years to come. So it's true that at some point it will stop having precedential impact in TEFRA, but I think there's a lot of cases in the pipeline. And, of course, this rule would apply generally, at least as to our first argument, as to any case in which the amount of tax liability is not at issue. TEFRA is an example of that. The statute gives other examples of cases that it does not apply to. Thank you. I see my time's up. Thank you very much. Good morning. So I want to address the first issue, whether BASR was a party. Of course it was. The court recognizes, 7430 expressly recognizes, by incorporating 2412, that partnerships can be parties. They can be, and there could be hypothetical instances where they are, but why does that mean that necessarily in this case, in the circumstances in this case, they were a party? It was a party because the suit was brought on behalf of BASR, as it would be in any TEFRA case. You bring the suit on behalf of the TEFRA partnership. The whole point of the case was to determine whether the IRS adjustments to BASR's tax return were appropriate or not. It was a tax case all about BASR's partnership return. So of course it was a party. It's also a party because the legislative history that was mentioned by my colleague, I think that makes it clear that Congress, at least, intended for partnerships to be parties. What the government is arguing here is that section 6226 somehow... I want to back you up to your of course. It was brought on their behalf, so of course they're a party. That's not necessarily a logical connection. Give me more. The way TEFRA works is that the first level, as the government explained, is at the first level, the partnership level proceeding, you determine all of the partnership's partnership items. Whether a partnership can be a party to that case, I'm talking about for purposes of section 7430. I'm not talking about for purposes of section 6226, which is what the government relies on. As the legislative history, the House report explains in 1997, the net worth provision in section 7430 applies to partnerships in TEFRA partnership cases. It makes that clear. It says any case involving section 6226, that net worth requirement applies. The government just seeks to ignore that legislative history. It says it's out of time, it's 10 years after the statute was enacted. But that's not quite true. That legislative history accompanied a 1997 change to section 7430 that clarified the net worth requirements and how they would apply in certain circumstances. To read the next sentence of the House report, which neither party quoted in their briefs, Congress went on to say, although the net worth requirements are explicit for individuals, corporations, and partnerships, it's not clear which net worth requirement is to apply to other potential litigants. So Congress believed that the net worth requirement was clear as it applied to partnerships. And they explained in that House report that it applies to partnerships in a case involving a TEFRA partnership, section 6226. The government cannot reconcile its position with the House report at all. So they just say we should ignore it. So we think that, you know, the court talked about the regulations to the extent that the regulations apply. You know, we think that they also make clear that a partnership can be a, is a party in a TEFRA partnership because they apply a net worth test to the partnership. Which BASR partners individually satisfy the net worth requirement? The two trusts. And not the individuals. Correct. There were four partners. All who held their interest in our policies. The two trusts for the children. And there is evidence in the record that the two trusts, we provided affidavits from the trustees of those two trusts as well as from the CPA who prepared the trust's tax returns. Did the Court of Federal Claims determine whether any of the partners individually met the net worth requirement? It did not. It passed on that question. Do we need to remand for that purpose? I don't think so because I said there are affidavits in the record that accompany the initial fee motion and the supplement to the fee motion. Is it your view that in the case we have before us, you have to satisfy both the partnership net worth level and the net worth of every partner? No. No. You argued in your brief and you're arguing here that there's an issue as to which of the partners and whether they meet the net worth requirement. That's our alternative position. We believe that BASR was a party to the extent that the Court disagrees with us. Are they the only party? No. All the partners are also parties. We don't dispute that. Our dispute with the government is they say the only parties are parties. So if each partner is a party, then essentially they're all requesting fees, reimbursement of fees. So why shouldn't their net worth be at issue? Because the partnership is requesting fees. Now there may be cases where only partners would request fees if there were issues that were unique to them. For example, in this very case, the government made an argument that the statute of limitations was held open because of facts unique to the particular partners. You spoke a little quickly while I was thinking when you said, well, it's because it's the partnership that's the one that's asking for the fees. But can we so quickly separate out who is really the requester of the fees? Because let's face facts. Who are going to be the beneficiaries of receiving any fees? It's ultimately going to be the partners that cover the costs of the attorneys' fees, right? Sure. And I think the statute... So that's why I'm confused why we can so quickly deem the party of the multiple parties in the case as being the requester of the fees to be just this entity called the partnership and not all the other parties who are also in the case, the partners. I think the qualified offer statute contemplates that. So if you read the statute, it says, a party to a court proceeding meeting the requirements of subparagraph A, Romina 2, shall be treated as the prevailing party if the liability of the taxpayer... Now, note the statute starts using the terms party and then it reverts to using the term taxpayer. If the liability of the taxpayer, pursuant to the judgment in the proceeding, etc., etc., is equal to or less than the liability of the taxpayer, which would have been determined if the United States had accepted a qualified offer of the party. So the statute starts off talking about a party... That can cut two ways. You're making an assumption. And the assumption is that when it uses the first phrase, if a party, and then refers to the taxpayer, that, well, then obviously that includes the partnership. But the other way to look at it is to say, obviously it doesn't include the partnership under TEFRA. And they're making that... They're taking that as a given when they use that language. And again, I think that legislative history, though, answers that question. That legislative history comes in 1997. This qualified offer provision was added less than a year later, in early 1998. So you have the same people... Well, not all the same people, but many of the same people probably wrote this qualified offer provision as was involved in that House legislative history. And in the House report, they expressed... That's a really odd argument to be making on legislative history in terms of trying to identify... Was it the same Congress, do you know? The flipping Congress? I know it was added less than a year later. But still, I think that does suggest that Congress in 1997 says, we understand that partnerships are acting as nominees for their partners. And that still, a partnership can be a party. And then you have the qualified offer provision added a year later. And they're making a distinction, obviously, between party and taxpayer. So unless you want to read party and taxpayer as interchangeably, like it's the same thing with respect to a partnership, there's no way to have any meaning between... But that's what your opposing counsel said about the TEFRA scheme overall. Well, clearly, and I think... I don't disagree with that. That on the TEFRA scheme, partnerships, partnership items are determined at the partner level. And then there's some subsequent partner level proceeding after that, that is, in most cases, just a calculation. After the partnership case is over, the IRS just sends a bill. One of the partners enter into this agreement with the attorney, and he's liable for attorney's fees, right? And this proceeding, if you get reimbursement, would simply mean that the partnership... What does the... If you got an award here, does the award go automatically to the partner that paid for the attorney's fees? Who is the check written to? I think, technically, it'd be written to BASR, and then BASR would be obligated to reimburse the partners that paid the fees. And what if BASR does not get the check, does not prevail? The fees have already been paid by the partner, right? Correct, correct. And effectively, they performed under the partnership agreement. One of the sons' trusts paid his share of the fees, and more, because the other son's trust had absolutely no assets. The son was destitute. So, all that they did is they paid their share of the fees that they were required to pay by the partnership agreement. So they performed. But I thought the partnership agreement we were talking a few minutes ago requires that the partnership indemnify fees, not that indemnify fees, right? But we all recognize that's not a possibility here. Well, so what they could have done is they could have had the partnership go after each of the partners to recover a share of the fees and then distribute the money back out to the partners who paid it. And the government's wrong, by the way, with respect to the indemnification provision. The indemnification provision is limited to the assets of the partnership only with respect to partners who are not the managing member. That limitation does not apply to indemnification for the partner who is the managing member. I think that, as we pointed out in our brief, there's also a question under Texas state law. I think Texas statutory law governs over any limitations on indemnification in the partnership agreement itself. So I think BASR was obligated to reimburse the other partners. Technically, they could have gone, BASR could have gone and sued for those fees to redistribute to the partners who paid them, but it didn't need to because they did it on their own. The only way it could have sued is at the direction of the managing partner. Is that correct? Correct. But he didn't need to because, as I said, the other trust, there were two trusts. One of them was destitute. How were those trusts funded? They were funded initially with the sale of the stock from the printing business. So that was done through the family. Correct. But it was a trust that was apparently not a spendthrift of any sort. Correct. And so one of the trusts contributed. Effectively, they got the only relief that they could have gotten if they had gone to court and tried to make the parties perform under the partnership agreement. Going back to the qualified offer statute, it talks about the taxpayer giving the qualified offer. Is the partnership a taxpayer? No. So then it has to be a partner that is the one that's giving the qualified offer, not BASR. Is that right? No, Your Honor. Again, the statute says a party to a court proceeding. So in this case, that would be BASR. Meeting the requirements the net worth requirements. But the position of your opposing counsel is that under TEFRA, the partnership cannot be a party. I understand the government's position. It's just directly in conflict with the statute which recognizes I thought you agreed with it when I asked you that question before. Oh, then I'm sorry. I misspoke. I think the statute is very clear that partnerships can be parties. It expressly makes that in the net worth provision, it says that a partnership can be a party. The legislative history in 1997 could not be more clearly written that a partnership is a party and you test the net worth of a party, including in a TEFRA partnership proceeding exactly like this one. So I think the government is they're clearly wrong that a partnership cannot be a party. So getting back to my taxpayer question, BASR is not a taxpayer. Correct. Again, the statute says a party to a core proceeding, meeting the net worth requirements, so that would be BASR, shall be treated as the prevailing party if the liability of the taxpayer. So it switches from talking about the prevailing party as a party. Then it talks about the liability of the taxpayer pursuant to the judgment in the proceeding is less than or equal to the liability of the taxpayer that would have inured if the government had accepted the qualified offer of the party. So it goes from party to taxpayer to party. Here, BASR was the party and the statute's use of the term taxpayer expressly recognizes that the party may not be the taxpayer. A party doesn't need to be a taxpayer. Okay, so since you're so conversant with legislative history, what was said in the legislature about the use of the word taxpayer as opposed to party? I couldn't find anything. There's nothing that I could find. That cuts two ways, doesn't it? I guess so. I do want to make one last point in the remainder of my time. We've been talking a lot about the qualified offer provision. There is another way that BASR can be a prevailing party and that's under the substantially justified provision. And the government mainly argues that we waive that by not raising it below. They make a mistake of law in their reply brief that I just want to point out. As to whose burden this really was. There's nothing in Rule 54, Section 7430, that required BASR to assert anything more than it did. Which is, it said in its fee application, we're a prevailing party. We invoke Section 7430. And the government says, well, you had to argue that the government's position wasn't substantially justified. And that's wrong. The government claims on page 28 of its reply brief that 28 U.S.C. 2412 D1B required BASR to specify in its fee application that it was a prevailing party and that the government's position was not substantially justified. And that's not right. 7430 expressly states that to be a prevailing party, you only need to comply with the first sentence of 2412 D1B. It's actually the second sentence of 24D112 that says that you have to allege... Even if there was no waiver, we'd have to remand it for determination by the trial court, right? Well, except that the government didn't carry its burden below. The court asked questions at oral argument. The government misdescribed the standard and said that's the taxpayer's burden. That was wrong. We got it wrong, too, as I said in our brief. Everybody was under a misimpression about what the burden was to show that. But the government didn't carry its burden. So I think you could just say that the government's waived it. They haven't shown that their position was substantially justified. But you went through the qualified offer route. You didn't go through the not substantially qualified... Not substantially justified route. Absolutely true. In our brief that we attached to the fee application, we spent... It was about a 10-page brief. We're under a tight fee. It had been a long litigation. And we explained what we thought was the quickest way to get there in terms of it being a black and white case. That either the qualified offer provision applies or it doesn't. If you go the substantially justified route, that's obviously discretion. It's more of a gray area. But nothing in... We should not be penalized by attaching a brief to our fee application that goes above and beyond what Rule 54 required. In fact, the Supreme Court has repeatedly said that this type of fee litigation is not supposed to be a second major litigation. Yeah, look how that's worked out for us. I know. I see that I'm past my time. Thank you. Thank you. We'll give you an additional three minutes. To begin with my friend's last point regarding substantial justification, I would just point to the fee application itself, which is in the appendix at page 1941. It lists the requirements that a taxpayer has to show and then says, the taxpayer need not show the first two requirements, however, if, as BASR did in this case, it made a qualified offer. And then the rest of it proceeds to argue qualified offers. So we would submit they really did not preserve this argument or one might almost say misled the Court of Federal Claims by asking it to focus on that. The government certainly did not attempt to show that it substantially prevailed because there was no need for us to do so. We were not under the impression that that's what the case was about. I'm sorry if we're repeating ourselves, but what do you say to their alternative, not on the substantially justified age of fees, but on the alternative that at least some of the partners qualified? That is not undisputed. It's undisputed that the two partners, the husband and wife, don't qualify. As to the gift trust, the one side... So you would agree that legally they were obligated to pay them at least a portion of it, but you think the only dispute is whether or not what their net worth is? The government has disputed whether the son's gift trust satisfies the net worth requirement and the Court of Federal Claims made no findings on that point. So we would say at most the case would have to be remanded for consideration at that point. The Court could not consider that on appeal as being undisputed. You're opposing counsel to look at the record? Yes. And we don't think the record is... The record is disputed. Exactly. Precisely. Yes. That's precisely right. Regarding the Unification Church case, I was just reminded during something that my friend said that the issue, I think the relevance of that case, the reason we cited it, is that this is similar to Unification Church in the sense that if the Court ultimately does not award fees to the partnership, the partners really are stuck with the bill. In other words, they have already paid the bill. They're not going to be getting reimbursement from anybody because there are no assets unless the Court gives them a fee award, gives BASR a fee award. And that really is the situation similar to Unification Church. And that's why the partners are the real parties of interest in this case. Yes, I think that's about the point I wanted to make. Thank you very much. Thank you. We thank both sides and the cases submitted.